KYLE SCHUMACHER (BAR #121887)
kschumacher@sagarialaw.com
**SAGARIA LAW, P.C.**
3017 Douglas Blvd., Ste. 200
Roseville, CA 95661
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff
Kathryn Figueroa

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON – PORTLAND DIVISION

| | |
|---|---|
| KATHRYN FIGUEROA, <br><br>   Plaintiff, <br><br> v. <br><br> US BANK, N.A., ELAN FINANCIAL SERVICES, and DOES 1 through 100 inclusive, <br><br>   Defendants. | CASE NO. 3:18-cv-01071 <br><br> PLAINTIFF'S COMPLAINT FOR DAMAGES: <br><br> 1. Violation of the Telephone Consumer Protection Act |

COMES NOW Plaintiff Kathryn Figueroa an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to consumers.

2. Plaintiff brings this action against Defendant U.S. Bank, N.A. and Elan Financial Services (hereinafter "US BANK") for its abusive and outrageous conduct in connection with debt collection activity.

3. While may violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

## JURISDICTION & VENUE

5. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 47 U.S.C. § 227.

6. This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

7. Plaintiff Kathryn Figueroa (hereinafter "Plaintiff") is an individual residing in the state of Oregon, and is a "debtor."

8. At all relevant times herein, Defendant US BANK engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt."

9. At all relevant times, Defendant acted as a "debt collector."

10. Plaintiff had taken out an unsecured loan with US BANK in approximately 2014.

11. The loan Plaintiff took from Defendant US BANK was extended primarily for personal, family or household purposes and is therefore a "debt."

12. Defendant US BANK has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction."

13. Because Plaintiff, a natural person allegedly obligated to pay money to Defendant US BANK arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt."

14. Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector.".

15. Plaintiff's account was an unsecured loan and Plaintiff began making payments on the accounts.

16. Plaintiff began making payments on the loan before she became financially unable to keep up with the monthly payments.

17. Defendant US BANK began contacting Plaintiff in April of 2018 to inquire about the status of the loan and to collect on the payments that were no longer being made.

18. Plaintiff retained counsel to assist in dealing with US BANK debt and to seek some type of financial relief.

19. Counsel for Plaintiff sent the letter of revocation to US BANK on or about May 1, 2018

20. Plaintiff believes her revocation and representation letter was received by US BANK on May 7, 2018.

21. Plaintiff informed US BANK that she was revoking her consent, if it was ever previously given, to be called on her telephone in May of 2018.

22. Plaintiff was frustrated that US BANK continued to make unsolicited calls on her cellular telephone after contacting US BANK to revoke her consent.

23. Plaintiff denies she ever gave her express consent to be contacted on her cellular telephone by automatic dialing machines and pre-recorded messages.

24. Defendant US BANK continued to contact Plaintiff between approximately May 9, 2018 – May 31, 2018; the type of contact was through phone calls to Plaintiff on her cellular telephone.

25. Despite notice being sent Defendant continued to contact Plaintiff on her cellular telephone regarding collection of her outstanding debt.

26. US BANK ignored Plaintiff's letter of representation and continued to contact her for at least two months following receipt of Plaintiff's letter.

27. Despite being aware of Plaintiff's May 1, 2018 revocation US BANK continued to contact Plaintiff on her cellular telephone.

28. US BANK's calls were frequent in nature and continued despite receiving written confirmation that she was revoking any consent that may have been previously given to be called on her cellular telephone.

### FIRST CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against Defendant and Does 1-100)

29. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

30. Since at least April of 2018 Defendant started calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

31. Plaintiff informed Defendant that she was revoking consent to be contacted by US BANK in May of 2018.

32. US BANK continued to call Plaintiff frequently since Plaintiff withdrew her consent to be contacted by an automatic dialing machine.

33. Defendant would contact Plaintiff frequently regarding payment on the accounts.

34. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

35. Defendant contacted Plaintiff on at least 13 (thirteen) separate occasions after Plaintiff informed Defendant she did not wish to be contacted on her cellular telephone and withdrew any prior consent that may have been given.

36. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

37. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

38. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

   a. An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation.

   b. Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

   c. Pursuant to 15 U.S.C. 1692(k) both actual damages and statutory damages in an amount to be proven at trial.

Dated: June 19, 2018    By:    **SAGARIA LAW, P.C.**
*/s/ Kyle Schumacher*
Kyle Schumacher
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

4

Plaintiff hereby demands trial of this matter by jury.

                                                **SAGARIA LAW, P.C.**

Dated: June 19, 2018                */s/ Kyle Schumacher*
                                                Kyle Schumacher
                                                Attorneys for Plaintiff